

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Dr. H.G. Towle, President
Texas State Board of Examiners in Optometry
Snyder, Texas

Dear Sir:

Opinion No. O-1570
Re: Under the facts set forth would the
Board be justified in withholding a
license to practice Optometry from
Sol J. Rogers?

Your request for an opinion on the above stated
question has been received by this department.

Your letter reads, in part, as follows:

"Will you kindly advise this Board whether
of not it would be justified in withholding a
license to practice Optometry in this state un-
der the following conditions:

"On January 13, 1937, Sol Rubenstein sub-
mitted to the Texas State Board of Examiners in
Optometry a sworn and subscribed statement, in
an application for examination by this Board,
that his name was Sol Rubenstein.

"On January 3, 1938, in another application
for examination, Sol Rubenstein stated that his
name was Sol Rubenstein.

"Under date of July 13, 1939, in the County
of Jefferson, State of Texas, Sol. J. Rogers
made application to this Board for examination
for license to practice Optometry. Before fil-
ing his application on July 13, 1939, the said
Sol Rubenstein had his name legally changed to
Sol J. Rogers by the District Court of Jeffer-
son County, in Cause No. 54,745. The Board has

Dr. H.G. Towle, President, page 2

permitted the applicant, under the name of Sol.
J. Rogers, to take the examination subject to
approval after obtaining a ruling from your de-
partment. Rogers has passed the examination,
and the question now is whether or not he is
entitled to a license.

"Several months ago there was a complaint
filed in Harris County against Sol. J. Rogers
for practicing Optometry without a license. On
two different complaints the charges were dis-
missed, at the request of the District Attorney,
and on the third complaint the defendant, Sol.
J. Rogers, was found not guilty."

Articles 5928 and 5930 of the Revised Civil Stat-
utes read as follows:

"Art. 5928. Whoever desires to change either
his Christian or surname, or both, and to adopt
another name instead, shall file his application
in the district court of the county of his resi-
dence, setting forth the causes for such desire.
The judge of said court, if in his opinion it
is for the interest or benefit of the applicant
to so change his name shall decree that the
adopted name of the party shall be substituted
for the original name."

"Art. 5930. Whenever any person shall
change his original name and adopt another, it
shall not operate to release him from any re-
sponsibility which he may have incurred by the
original name nor defeat or destroy any rights
or property or action which the person had or
held in his original name."

Referring to examinations by the State Board of
Examiners in Optometry, Article 4559 reads as follows:

"Each applicant shall be given due notice
of the date and place of examination. All ex-
aminations shall be conducted in writing and
by such other means as the board shall deter-

Dr. H.G. Towle, President, page 3

mine adequate to ascertain the qualifications
of applicants, and in such manner as shall be
entirely fair and impartial to all individuals
and ever recognized school of optometry. All
applicants examined at the same time shall be
given identical questions. The board may re-
fuse to admit persons to its examination or to
issue licenses for any of the following rea-
sons:

"1. The presentation to the board of any
untrue statement or any document or testimony
which was illegally or fraudulently obtained,
or when fraud or deceit has been practiced in
passing the examination.

"2. Conviction of a felony, or of a misde-
meanor which involves moral turpitude.

"3. Other grossly unprofessional or dishon-
orable conduct of a character likely to deceive
or defraud the public, or for habits of intem-
perance or drug addiction. Any applicant who
may be refused an examination or a license,
after legal notice and a full and impartial
hearing, shall have his right of action to have
such issue tried in the district court of any
county in which one of the members of the
board shall reside."

Article 4569, supra, provides that the board may
refuse to admit persons to its examination or to issue
licenses for any of the reasons therein stated. How-
ever, under the statement of facts presented in your
inquiry, none of the reasons exist which would permit
the board to withhold license to practice optometry
from Sol. J. Rogers.

Therefore, you are respectfully advised that it
is the opinion of this department that the Texas State
Board of Examiners in Optometry would not be justified
or have the authority to withhold a license to practice
optometry from Sol. J. Rogers.

Trusting that the foregoing fully answers your

Dr. H.G. Towle, President, page 4

inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:ob

APPROVED SEP 13, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY B.W.B.
CHAIRMAN